# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-944V
**Filed: May 5, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | UNPUBLISHED |
| JORDAN GARFINKEL, | * | |
| | * | |
| | * | Special Master Gowen |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs. |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

Stephen M. Greecher, Jr., Tucker Arensberg, P.C., Lemoyne, PA, for petitioner.
Adriana R. Teitel, United States Department of Justice, Washington, DC, for respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

      On October 6, 2014, Jordan Garfinkel ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012).  Petitioner alleged that as a result of receiving an influenza vaccination on October 6, 2011, he suffered Lewis-Sumner Syndrome and Chronic Inflammatory Demyelinating Polyneuropathy. On April 13, 2016, the parties filed a stipulation in which they agreed to an award of compensation to petitioner. On April 13, 2016, the undersigned issued a decision adopting the parties' stipulation for an award.  See

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Decision on J. Stip., filed Apr. 13, 2016.

On May 5, 2016, petitioner filed an unopposed application for attorneys' fees and costs. Petitioner requested an award of $30,550.00 for attorneys' fees and costs. See Application for Fees and Costs at ¶ 7, filed May 5, 2016. Pursuant to General Order #9, petitioner also requested $14,450.00 as reimbursement for costs personally incurred. Id. "Respondent does not object to the overall amount requested by petitioner, but notes that the lack of objection should not be construed as an admission, concession, or waiver as to any of the matters raised by petitioner's request for attorneys' fees and costs, including but not limited to the hourly rates requested, the number of hours requested, and other litigation related costs. Id. at ¶ 8.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's unopposed request, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs and petitioner's out-of-pocket litigation expenses.

Accordingly, an award should be made as follows:

**(1)** **in the form of a check jointly payable to petitioner and to petitioner's attorney, Stephen M. Greecher, Jr., of Tucker Arensberg, P.C., in the amount of $30,550.00; and**

**(2)** **in the form of a check payable to petitioner only, in the amount of $14,450.00.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

s/ Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.